Case 03-34667    Doc 12    Filed 12/19/03    Entered 12/22/03 13:14:44    Desc Main
                       Document      Page 1 of 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE: )
)
)       Case No. 03-34667
J&J PROPERTY HOLDINGS, LLC, )       Chapter 11
)
    Debtor. )
)

## MOTION OF JAMES LOMMA FOR DISMISSAL
## OF CASE PURSUANT TO 11 U.S.C. §§301 AND 1112

NOW COMES James Lomma ("Lomma"), a party in interest in this proceeding, and respectfully moves the Court pursuant to Sections 301 and 1112 of the Bankruptcy Code for entry of an order dismissing this Chapter 11 proceeding. In support of his motion, Lomma alleges and represents to the Court as follows:

1. On December 18, 2003, James J. Jones ("Jones") caused attorney A. Burton Shuford to file a voluntary Chapter 11 bankruptcy petition (the "Petition") in this Court in the name of J&J Property Holdings, LLC ("J&J Property"). As discussed below, the Petition was not authorized by J&J Property and therefore should be dismissed.

***Organizational and Authority Documents of J&J Properties***

2. J&J Property is a North Carolina limited liability company. Attached as Exhibit A is a copy of J&J Property's operating agreement entered into and effective as of August 16, 1999 (the "Operating Agreement"). Schedule B of the Operating Agreement correctly sets forth J&J Property's current by-laws.

3. Lomma, Jones and Jean Jones each are members of J&J Property. Schedule A of the Operating Agreement correctly sets forth the relative percentages of ownership of the three

members of J&J Property. Lomma owns 50%, Jones owns 25%, and Jean Jones owns 25%. Each has been a member of J&J Property since its formation in August of 1999.

4. Section 7 of the Operating Agreement provides in part that (a) each member of J&J Property is a manager, (b) management of J&J Property is "vested in the Managers," and (c) each manager's voting interest is "proportional to his Member's interest" as set forth in Schedule A to the Operating Agreement. Section 26 of the Operating Agreement establishes generally, subject to certain exceptions, that "all of the decisions of the Company shall be made by majority vote of the Managers." The only exceptions recognized in Section 26 are certain limited provisions in the Operating Agreement requiring a 70% super-majority vote of the managers or giving officers authority to act on behalf of J&J Property.

5. Article II of J&J Property's by-laws addresses meetings of its members. The bylaws provide for an annual meeting of members on the 2nd Tuesday in May of each year and allow an officer or any member to call a special meeting at any time pursuant to the written request of the holders of not less than one-fourth of all membership units. Section 7 of the by-laws establishes that holders of a majority of units entitled to vote shall constitute a quorum at any such meeting of members.

6. Article IV of the by-laws addresses meetings of managers. It establishes that the same provisions of Article II govern managers meetings so long as J&J Property does not elect managers in addition to its members. It has not.

7. Lomma did not receive any notice of any special meeting of the members, and did not attend or participate in any such meeting, to discuss or authorize filing of any bankruptcy petition on behalf of J&J Property. Lomma is not aware of any authorized action by the

members or managers of J&J Property to designate Jones or any other person as the president or as any other officer of J&J Property.

### *The Petition and Resolution*

8. Jones signed the Petition as President of J&J Property. Upon information and belief, Jones is not President of J&J Property.

9. Filed with the Petition is a "Resolution of Manager/Member of J&J Property Holdings, LLC" which asserts that Jones is "the acting Manager of the Company" and which recites that Jones alone, and no other member or manager, determined and resolved to authorize and direct the filing of the voluntary bankruptcy petition.

10. The resolution does not assert that action was authorized by any member or manager other than Jones or by a vote of a majority of the units held by the members. Indeed, the Resolution itself clearly establishes that Jones acted alone – without any meeting of the members or managers.

11. As a result, the voluntary petition filed by Jones in the name of J&J Property was not properly authorized, and this bankruptcy proceeding is unauthorized and improper.

### *Additional Factual Background*

12. A brief review of the Numbered Listing of Creditors filed with the Petition reveals that this Chapter 11 case would not be a reorganization anyway. Mr. Jones identified only 2 creditors with real claims in this case – Mecklenburg County, which apparently is owed approximately $46,400 in ad valorem property taxes, and Kearney & Associates[1] ("SKA"),

---

[1] The correct name of the entity is "South Kearney Associates." SKA is a secured creditor by virtue of having received from First Citizens Bank an assignment of a note, deed of trust and assignment of rents. First Citizens Bank provided the financing by which, in combination with funds contributed by the members, J&J Property purchased its sole asset, the real estate collateral encumbered by the deed of trust.

CHAR2\773830_2                     3

which apparently holds a $2.5 million secured claim. One of the other 11 "creditors" listed is identified as having a claim in an unknown amount, and the other 10 are listed with claims of zero.

13. Upon information and belief, J&J Property's only material assets are (a) real property located at 11900 Old Steele Creek Road, Charlotte, North Carolina (which is subject to a deed of trust in favor of SKA), and (b) a lease of those premises to Lomma Warehouse Corporation[2] (which lease is the subject of a pending summary ejectment proceeding and the rents under which are assigned as collateral to SKA).

14. Upon information and belief, Jones filed the bankruptcy petition for the sole purpose of forestalling SKA's actions to initiate foreclosure proceedings and to seek a receiver to collect the rents assigned to SKA.

### *Request for Relief*

15. Because the Petition was not properly authorized and is not an act of J&J Property, there is cause for the Bankruptcy Court to dismiss this case under 11 U.S.C. §§301 and 1112(b). See Price v Gurney, 324 U.S. 100, 106, 65 S.Ct. 513, 516 (1945) (concluding that a court "has not alternative but to dismiss the petition" when it finds that those who filed it purportedly on behalf of the corporation had not been granted authority to do so); Hager v. Gibson, 108 F.3d 35 (4th Cir. 1997) (citing Price but recognizing that authorization could be found under a ratification/relation back doctrine); In re Elgin's Paint & Body Shop, Inc., 249 B.R. 110 (Bankr. D.S.C. 2000) (dismissing case upon shareholder's motion where corporate president filed bankruptcy petition unilaterally, without authority).

---

[2] J&J Property's actions to pursue summary ejectment proceedings against Lomma Warehouse Corporation also were initiated by Jones unilaterally and without authorization by any vote of the members or managers of J&J Property.

CHAR2\773830_2                                4

16. Cause for dismissal under 11 U.S.C. §1112(b) also exists in this case because (a) there really are no creditors in this case other than Mecklenburg County and K&A, (b) Lomma, a 50% member of J&J Property, seeks and supports dismissal, and (c) there does not appear to be any equity in the debtor's real estate and or any realistic prospect for a reorganization.

17. Dismissal will not harm the interests of the 2 creditors identified as having claims because each has non-bankruptcy rights against the real property collateral.

18. Dismissal is in the best interest of the parties in interest.

WHEREFORE, Lomma respectfully requests that this Court enter an order:

1. Dismissing this case under 11 U.S.C. §§ 301 and 1112(b);

2. Granting Lomma such other and further relief as the Court deems just, reasonable and proper.

This 19th day of December, 2003.

*[signature]*
Douglas R. Ghidina
State Bar No. 14109
McNeill Y. Wester
State Bar No. 28859
MOORE & VAN ALLEN, PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
(704) 331-1000

ATTORNEYS FOR JAMES LOMMA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>)<br>J&J PROPERTY HOLDINGS, LLC, )<br>)<br>           Debtor. )<br>)<br>_____ ) | Case No. 03-34667<br>Chapter 11 |

## CERTIFICATE OF SERVICE

I, the undersigned of MOORE & VAN ALLEN, PLLC, hereby certify that I am, and at all times hereafter mentioned was, more than 18 years of age; that on this day I caused a copy of the foregoing **MOTION OF JAMES LOMMA FOR DISMISSAL OF CASE PURSUANT TO 11 U.S.C. §§301 AND 1112** to be deposited, postage paid, in the United States mail, addressed to the following:

J&J Property Holdings, LLC
ATTN: Officer or Managing Agent
11000 Nations Ford Road
Pineville, North Carolina 28134

James J. Jones
11000 Nations Ford Road
Pineville, North Carolina 28134

Mecklenburg County Tax Collector
Post Office Box 32247
Charlotte, North Carolina 28232

Kearney & Associates
c/o James H. Pulliam
Nexsen Pruit Jacobs & Pollard, LLP
201 South Tryon Street, Suite 1200
Charlotte, North Carolina 28202

A. Burton Shuford
Shuford Hunter & Brown, P.A.
301 S. McDowell Street, Suite 1012
Charlotte, North Carolina 28204

Jean Jones
11000 Nations Ford Road
Pineville, North Carolina 28134

Boda Plumbing
ATTN: Officer or Managing Agent
1909 Tower Industrial Park Drive
Monroe, North Carolina 28110

James F. Lomma
48 Third Street
Kearny, New Jersey 07032

I certify that the foregoing is true and correct. This 19th day of December, 2003.

_____
[signature]

CHAR2\773830_2